Filed 3/24/21  P. v. Totten CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091285 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F3867) |
| v. | |
| NATHAN AARON TOTTEN, | |
| Defendant and Appellant. | |

Originally charged with elder abuse and stalking of an elderly woman for whom he had done some yard work, defendant Nathan Aaron Totten pleaded no contest to making a criminal threat against the woman's son and admitted a strike prior in exchange for a stipulated six-year prison sentence; he also agreed to a *Harvey*[1] waiver for the dismissed counts involving the elderly woman and imposition of no contact orders.

---

[1]  *People v. Harvey* (1979) 25 Cal.3d 754.

1

On appeal, defendant contends the no contact order is invalid because the trial court lacked jurisdiction to impose it since defendant did not plead guilty to any charges involving the elderly woman. Because the protective order was a material term of the plea agreement, defendant cannot challenge the term without a certificate of probable cause, which he did not obtain. We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, defendant was charged in Shasta County case No. 19F03867 with stalking P.G. (Pen. Code, § 646.9, subd. (a), count 1),[2] criminal threats against P.G. (§ 422, count 2), and elder abuse of P.G. (§ 368, subd. (c), count 3). It was further alleged that defendant had a strike prior (§ 1170.12); three on-bail enhancements were also alleged (§ 12022.1). Evidence at the preliminary hearing showed the following.[3]

In June 2019, P.G., an elderly woman in her eighties, reported to law enforcement that defendant was harassing her and vandalizing her property. P.G. met defendant through her son, R.L., who arranged to have defendant do some work at his mother's house following a severe storm. After completing the work, defendant started squatting beneath P.G.'s carport. He left his belongings there during the day and slept in the carport at night. P.G. confronted him six or seven times telling him to leave, but he continued to sleep there and leave a backpack or other personal property. Although she warned him that she would dispose of his belongings if he did not leave, defendant continued to squat at P.G.'s residence. P.G. eventually threw away defendant's backpack.

---

[2] Further undesignated statutory references are to the Penal Code.

[3] The facts are taken from the preliminary hearing transcript, as defendant resolved his case by plea before trial.

After she got rid of his property, defendant began to terrorize P.G. He snuck onto her property at night and vandalized her car and home several times. He broke car and house windows, stole two of her car tires, and then later punctured or deflated all four of her tires; he also wedged yard tools and broom sticks against her doorways to block her exit, and left a dead woodpecker in her mailbox.

When R.L. confronted defendant, defendant stated that R.L.'s mother should not keep people's stuff. Defendant admitted to R.L. that he had stolen two of R.L.'s mother's car tires. In another conversation, defendant threatened R.L. that he was going to burn down P.G.'s house if his personal property was not returned. R.L. related the threat to his mother, and she took it as a credible threat that scared her. Due to her fear of defendant, she was unable to sleep at night.

In September 2019, defendant agreed to a plea bargain that resolved several pending matters. Under the terms of the written plea agreement, defendant agreed to plead no contest in case No. 19F38687 to an amended count 2 that alleged R.L. as the victim rather than P.G., admitted a strike prior, and admitted he violated parole in Shasta County Superior Court case No. 18F3600. In exchange for his plea, the balance of the charges in case No. 19F38687 were dismissed with a *Harvey* waiver, parole was revoked and terminated in case No. 18F3600, and several other matters were either dismissed outright or were dismissed with a *Harvey* waiver for restitution. The parties stipulated that the preliminary hearing transcript could serve as the factual basis for the plea.

During the change of plea hearing on September 6, 2019, the trial court explained the consequences of the plea to defendant, which included no contact orders. Defendant responded that he understood the consequences of the proposed plea bargain and made no objection.

After the change of plea hearing but before sentencing,[4] the court entered a 10-year criminal protective order protecting P.G. from any contact with defendant. The court signed Judicial Council Form No. CR-160, entitled "Criminal Protective Order-Domestic Violence." The court checked the box indicating that it issued the protective order pursuant to section 646.9, subdivision (k).

On November 13, 2019, the court sentenced defendant to the stipulated six-year term under the plea agreement. The court also ordered that defendant have no contact with P.G. and R.L. The court's signed written judgment recites that "defendant shall have no contact with P.G." for a period of 10 years pursuant to section 646.9, subdivision (k), and that he had been served with the criminal protective order. Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

Defendant contends the court erred when it entered a 10-year criminal protective order under section 646.9, subdivision (k) prohibiting him from contacting P.G. He argues the court lacked jurisdiction to enter the no contact order because he was not convicted of stalking P.G. under the terms of the plea agreement (as that count was dismissed with a *Harvey* waiver), and section 646.9 authorizes a no contact order only where a defendant has been convicted of stalking. (§ 646.9, subd. (k).) In his view, the issue is cognizable on appeal despite his failure to object below because the no contact order constitutes an unauthorized sentence that may be corrected at any time. (*People v. Robertson* (2012) 208 Cal.App.4th 965, 995.)

---

[4] Before sentencing, defendant also made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 to relieve his counsel, arguing he was innocent of the charges, that her representation had been inadequate, and that he wanted to withdraw his plea. The court denied the motion.

The People, on the other hand, argue defendant cannot appeal the no contact order without a certificate of probable cause because it constitutes a material term of the plea agreement to which defendant did not object. The People have the better argument.

Ordinarily, a defendant may appeal "from a final judgment of conviction." (§ 1237, subd. (a).) If the judgment resulted from a no contest plea, however, "section 1237.5, subdivisions (a) and (b), provide that no appeal may be taken unless '[t]he defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings,' and the court 'has executed and filed a certificate of probable cause for such appeal with the clerk of the court.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694.) Under section 1237.5, a defendant may appeal without a certificate of probable cause if he or she does so solely on noncertificate grounds, which go to postplea matters not challenging the plea's validity or matters involving a search or seizure whose lawfulness was contested under section 1538.5. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; *People v. Panizzon* (1996) 13 Cal.4th 68, 74; see Cal. Rules of Court, rule 8.304(b)(4).)

It is well settled that " 'issues going to the validity of a plea require' a certificate of probable cause." (*People v. Stamps, supra*, 9 Cal.5th at p. 694.) But even where a defendant purports to challenge only the sentence imposed rather than the plea itself, " 'a certificate . . . is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement.' " (*Ibid.*; *People v. Buttram* (2003) 30 Cal.4th 773, 781 [to determine whether section 1237.5 applies to a challenge of a sentence imposed after a no contest plea, courts look to the substance of the appeal, not the timing or manner in which the challenge is made].) The critical inquiry is whether a defendant's challenge to his or her sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to section 1237.5's certificate requirement. (*People v. Panizzon, supra*, 13 Cal.4th at p. 76.)

5

Where the parties agree to a *specified* sentence, any challenge to that sentence attacks a term of the agreement, and, thus, the validity of the plea itself. (*People v. Buttram, supra*, 30 Cal.4th at p. 789.) Under those circumstances, a certificate of probable cause is required. (*Ibid.*)

In this case, defendant does not dispute the People's contention that the no contact order constituted a material term of his plea agreement.[5] The record, moreover, supports such a finding. During the change of plea hearing, the court specifically explained to defendant that a consequence of his plea was a no contact order. When the court asked defendant if he understood the consequences, implicitly including the no contact orders, defendant responded that he did. At no time before pleading no contest did defendant object to the no contact order or argue that such an order was not contemplated under the parties' agreement. Similarly, at sentencing, defendant did not object or otherwise claim surprise when the trial court ordered him to have no contact with the victims.

Given the above, we conclude the no contact order was a material term of the parties' plea bargain. Thus, defendant's claim is, in substance, an attack on the validity of his plea, which is not reviewable on appeal because defendant failed to seek and obtain a certificate of probable cause. Having concluded that the absence of a certificate is fatal to defendant's challenge, we need not reach the remaining issues raised by the parties and shall dismiss the appeal. (*People v. Panizzon, supra*, 13 Cal.4th at pp. 89-90.)

---

[5] Defendant informed the court that he did not intend to file a reply brief.

6

## DISPOSITION

Defendant's appeal is dismissed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
RENNER, J.

_____/s/_____
KRAUSE, J.